Dear Ms. Hobdy:
This office is in receipt of your recent request for the opinion of this office regarding the Main Street program operated by the Division of Historic Preservation (the "Division"). The undersigned has also had the opportunity to discuss the program with Mr. Eddy Martin of your office. We understand that Main Street is a revitalization program for historic commercial areas in smaller cities and towns across the state, and that state funds are awarded or granted for historic renovation/restoration projects. We understand that projects, both public and private, are proposed to the Division by Mayors or Historic District Commissions and selected projects are required to comply with strict standards to insure that the projects are historically appropriate. We are advised the average grant is $1,500-2,000. We are further advised that each project is reviewed by an architectural historian to insure compliance with the program's objects and purposes.
Specifically, you have this office to examine whether the program conflicts with La. Const. Art. VII, Sec. 14, which pertinently provides:
 "Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or any political subdivision shall not be loaned, pledged or donated to or for any person, association, or corporation, public or private . . ."
The Supreme Court has interpreted Art. VII, Sec. 14 to be violated whenever the State or a political subdivision seeks to give up something of value when it is under no obligation to do so. City of Port Allen v. Louisiana Municipal Risk ManagementAgency, 439 So.2d 399 (La. 1983). This office has construed the "legal obligation" requirement referred to in the City of PortAllen decision to be a requirement that the purpose and power for a particular expenditure of public funds be "sanctioned" or "authorized by law" or in the "discharge of a legal duty". Opinion No. 92-204. See also: Guste v. Nicholls CollegeFoundation, 564 So.2d 682 (La. 1990). Our opinions also refer to the requirement for "an underlying legal obligation or authority" for the transfer of public funds. Opinions Nos. 92-543, 92-494, 92-402, 92-204.
Pertinently, R.S. 25:802 sets forth the functions, powers and duties of the State Art, Historical, and Cultural Preservation Agency. In accordance with R.S. 36:209H(1), the powers, duties, functions and responsibilities of the State Art, Historical, and Cultural Preservation Agency were transferred to the Department of Cultural, Recreation and Tourism. You have advised that those powers, duties, functions and responsibilities are exercised by the Division on behalf of the Department and the Secretary of the Department.
 R.S. 25:802(B) provides, in pertinent part:
 "In addition to the functions, powers and duties otherwise vested in the director by the provisions of this chapter, the director shall have and exercise the power and authority to:
 * * *
 (7) Establish and operate a program of preservation, maintenance and restoration of historic buildings and monuments. Acquire by lease, purchase or donation real or personal property which are landmarks or historical objects.
 * * *
 (9) Establish, operate and maintain a program to stimulate interest in and appreciation of Louisiana art, architecture, and historical preservation.
 * * *
 (23) Authorize the hiring of a professional staff to aid the agency in the task of preserving historical monuments and landmarks . . ."
In our opinion these statutory provisions provide the Division, on behalf of the Department of Culture, Recreation and Tourism, with the obligation and authority to conduct programs such as the Main Street program and other historical preservation and revitalization programs. As such, it is the opinion of this office that the program does not violate La. Const. Art. VII, Sec. 14.
We trust the foregoing adequately addresses your concerns. Should you need assistance in other areas of the law, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ____________________________ JEANNE-MARIE ZERINGUE BARHAM
RPI:JMB jv
State of Louisiana
DEPARTMENT OF JUSTICE BATON ROUGE
RICHARD P. IEYOUB 70804-9005 ATTORNEY GENERAL